# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JERRY NEAL LOVELADY,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | Civil Action No. 2:14-cv-819-CLS |
| ) | |
| **CAROLYN W. COLVIN, Acting** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER OF REMAND

Claimant, Jerry Lovelady, commenced this action on May 1, 2014, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed, and this case is due to be remanded to the Commissioner for further proceedings.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v.*

*Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly considered the opinion of his treating physician, improperly gave weight to the opinion of a non-medical reviewing consultant, and failed to adequately develop the record. Upon review of the record, the court concludes that the second contention has sufficient merit to warrant reversal and remand.

An individual named V.A. Smith, a "Single Decision Maker," or "SDM," who does not appear to be a doctor or other medical professional, completed the administrative Physical Residual Functional Capacity Assessment on December 21, 2010. Smith found that claimant could occasionally lift and/or carry up to twenty pounds, frequently lift and/or carry up to ten pounds, stand and/or walk for a total of about six hours in an eight-hour workday, sit for a total of about six hours in an eight-hour workday, and engage in unlimited pushing and pulling movements. Claimant could never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs, stoop, and crouch; and frequently balance, kneel, and crawl. He was limited in his ability to reach in all directions, but he did not have any other manipulative

limitations.  He had no visual or communicative limitations.  He was admonished to avoid all exposure to hazards such as machinery and heights, and to avoid concentrated exposure to extreme cold, extreme heat, and humidity.  Even so, Smith determined that claimant could have unlimited exposure to wetness, noise, vibration, fumes, odors, dusts, gases, and poor ventilation.  Smith further stated that claimant's impairments could reasonably be expected to produce some of claimant's alleged symptoms and functional limitations, but that claimant's statements about his symptoms and functional limitations were only partially credible.  Finally, Smith indicated that there was no medical source statement in the record addressing claimant's physical capacities.[1]

"Because an SDM has no medical credentials, but instead makes the initial disability determination after consulting with appropriate medical sources, SDM-completed forms are not opinion evidence at the appeals level, and the ALJ should not give any evidentiary weight to the residual functional capacity determination of an SDM."  *Walker v. Colvin*, No. 2:13-CV-754-CSC, 2014 WL 7336888, *5 (M.D. Ala. Dec. 22, 2014) (citing *Cooper v. Commissioner of Social Security*, 521 F. App'x 803, 807 (11th Cir. 2013); *Siverio v. Commissioner of Social Security*, 461 F. App'x 869, 871 (11th Cir. 2012)).[2]  Despite those pronouncements,

---

[1] Tr. 58-65.

[2] In the *Walker* decision, the Middle District of Alabama explained the Social Security Administration's use of the Single Decision Maker model as follows:

the Eleventh Circuit has been careful to note that consideration of a single decision maker's opinion is harmless error, as long as the ALJ did not place "great weight" on the opinion, and the ALJ's decision is based on *other* substantial medical evidence of record. *See Castel v. Commissioner of Social Security,* 355 F. App'x 260, 265-66 (11th Cir. 2009).

Here, the ALJ did not explicitly address the Single Decision Maker's assessment in the administrative decision. Even so, claimant asserts that the ALJ *implicitly* (and impermissibly) relied upon that assessment. The record appears to support claimant's assertion. The ALJ found that claimant had the physical residual functional capacity to perform light work, "except that he can never climb ladders, ropes, or scaffolds, occasionally climb ramps or stairs, occasionally stoop, kneel, crouch, or crawl, and frequently engage in activities requiring balance. Bilaterally, he can occasionally engage in overhead reaching."[3] That residual functional capacity finding is consistent with the limitations imposed in the Single Decision Maker's administrative assessment, thereby indicating that the ALJ may have placed "great

---

"SDMs are part of a test program of the Social Security Administration for making initial disability determinations by non-medical experts. 20 C.F.R. § 404.906(a)." *Chaverst v. Astrue*, 2012 WL 5379063 at *8 (N.D. Ala. 2012); *see also* 20 CFR § 416.1406 (setting forth information about the test program with respect to SSI benefits). Alabama is one of the states in which the use of SDMs is being tested. 71 Fed. Reg. 45,890 (August 10, 2006).

*Walker,* 2014 WL 7336888, at *5 n.5.

[3] Tr. 17.

weight" on that assessment.

Additionally, absent any other medical source statement in the record addressing claimant's physical capacities, the court cannot conclude that the ALJ's decision is based on other substantial evidence. The ALJ "is not required to seek additional independent expert medical testimony before making a disability determination *if the record is sufficient and additional expert testimony is not necessary for an informed decision.*" *Nation v. Barnhart,* 153 F. App'x 597, 598 (11th Cir. 2005) (citing *Wilson v. Apfel,* 179 F.3d 1276, 1278 (11th Cir. 1999); *Holladay v. Bowen,* 848 F.2d 1206, 1209-10 (11th Cir. 1988)) (emphasis supplied).

Here, the record was not sufficient for the ALJ to make an informed decision, and it is not sufficient for the court to determine whether the ALJ impermissibly (albeit implicitly) relied upon the Single Decision Maker's assessment.

Remand is warranted for the ALJ to more fully articulate the weight he afforded to the residual functional capacity assessment performed by the Single Decision Maker. If the ALJ afforded that assessment any weight, even implicitly, then he should either obtain an additional consultative physical examination from an acceptable *medical* source, and/or additional evidence from claimant's treating sources about the extent of claimant's functional limitations, and render a revised residual functional capacity finding.[4]

---

[4] Because remand is warranted on these grounds, the court need not consider claimant's other

Based on the foregoing, the decision of the Commissioner is reversed, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

The Clerk of Court is directed to close this file.

DONE this 10th day of March, 2015.

                                           /s/ Lynwood Smith
                                           United States District Judge

---

arguments.